**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**

_____

JAMES WASHINGTON, JR.,

               Plaintiff,
   v.
                                           No. 9:21-CV-2
ALLEN,                               (BKS/CFH)

               Defendant.

_____

**APPEARANCES:**                      **OF COUNSEL:**

James Washington, Jr.
17556
Jefferson County Jail
753 Waterman Drive
Watertown, New York 13601
Plaintiff pro se

Sugarman Law Firm LLP          PAUL V. MULLIN, ESQ.
Syracuse Office
211 West Jefferson Street
Syracuse, New York 13202
Attorney for defendant

**CHRISTIAN F. HUMMEL
U.S. MAGISTRATE JUDGE**

## REPORT-RECOMMENDATION AND ORDER[1]

Plaintiff pro se James Washington, Jr. ("plaintiff"), a pretrial detainee who was, at all relevant times, in the custody of the Jefferson County Correctional Facility, brings this action pursuant to 42 U.S.C. § 1983, alleging that defendant Allen[2] ("defendant"),

---

[1] This matter was referred to the undersigned for Report-Recommendation and Order pursuant to 28 U.S.C. § 636(b) and N.D.N.Y.L.R. 72.3(c).
[2] Plaintiff initially brought his complaint against a Jane and John Doe. See Dkt. No. 1 at 2. Following the Court's initial review of plaintiff's complaint, the Court dismissed the claims against Jane Doe, and

who was employed at Jefferson County Correctional Facility, violated his Eighth Amendment rights. See Dkt. No. 1 at 3, 5-6.[3] Presently pending before the Court is defendant's motion to dismiss pursuant to Rule 41(b) of the Federal Rules of Civil Procedure ("Fed. R. Civ. P."). See Dkt. No. 26. For the following reasons, it is recommended that the motion be granted.

## I. Background

Plaintiff commenced this action on January 4, 2021, by filing a complaint and a motion for leave to proceed in forma pauperis. See Dkt. Nos. 1, 2. The next day, the Court administratively closed the case for plaintiff's failure to comply with the filing fee requirement. See Dkt. No. 3. The Court ordered plaintiff to submit an inmate authorization form, should he wish to proceed with the case. See id. at 2. On January 13, 2021, plaintiff submitted an inmate authorization form, and the Court reopened the case. See Dkt. Nos. 4, 5. On February 10, 2021, Chief District Court Judge Brenda K. Sannes issued a Decision and Order granting plaintiff's motion for leave to proceed in forma pauperis, permitting plaintiff's excessive force claim against defendant Allen to proceed, and dismissing plaintiff's remaining 42 U.S.C. § 1983 claim. See Dkt. No. 6 at 10-11. The Court's Decision and Order also stated that "[p]laintiff is [] required to promptly notify the Clerk's Office and all parties or their counsel, in writing, of any

---

ordered that the Clerk of Court update the docket to name defendant Allen as the defendant in place of John Doe. See Dkt. No. 6 at 5, n.4; 10-11.
[3] Citations are to the pagination generated by CM/ECF in the page's header.

2

change in his address; his failure to do so may result in the dismissal of this action[.]" Id. at 12.

On February 11, 2021, a summons was issued for defendant Allen. See Dkt. No. 7. Defendant filed his answer to plaintiff's complaint on April 8, 2021, and it was served on plaintiff via regular mail the same day. See Dkt. Nos. 11, 12. On April 9, 2021, the undersigned issued a Mandatory Pretrial Discovery and Scheduling Order, which set the discovery deadline for October 11, 2021. See Dkt. No. 13. A copy of this Order was served via regular mail to plaintiff's address. See id. Plaintiff sent a letter to the Court on April 12, 2021, inquiring about the status of his case and a copy of the docket sheet was provided to plaintiff. See Dkt. No. 14.

On June 21, 2021, plaintiff notified the Court of a change in his address. See Dkt. No. 15. On August 11, 2021, plaintiff notified the Court of a second change in his address. See Dkt. No. 16. Based on an inmate lookup submitted by defendant, plaintiff was discharged from custody on September 3, 2021. See Dkt. No. 26-6 at 2. Plaintiff did not submit a change of address upon his discharge.

On November 23, 2021, defendant filed a letter motion seeking an extension of discovery deadlines. See Dkt. No. 17. Defendant served a copy of his letter at plaintiff's last known address via regular mail. See Dkt. No. 18. In a Text Order, the Court granted defendant's request for an extension and a copy of the Text Order was served on plaintiff via regular mail. See Dkt. No. 19. The Court's Text Order was returned as undeliverable. See Dkt. No. 20.

On March 7, 2022, the Court scheduled a status conference for March 24, 2022, and ordered that plaintiff appear via telephone. See Dkt. Nos. 21, 22. A copy of the

3

Court Notice and Order were served on plaintiff via regular mail. See Dkt. Nos. 21, 22. The mail was returned as undeliverable. See Dkt. No. 23. At the March 24, 2022, status conference, plaintiff did not appear. See Text Minute Entry 03/24/2022. The Court granted defendant permission to file a motion to dismiss for failure to prosecute on or before May 9, 2022. See Dkt. No. 24. In the Court's Text Order, the Court advised plaintiff "that failing to appear for Court conferences, or to abide by Court directed deadlines may result in the impositions of sanctions to include dismissal of the case." Id. A copy of the Text Order was served on plaintiff via regular mail, and it was returned as undeliverable. See Dkt. Nos. 24, 25. Defendant filed the present motion to dismiss for failure to prosecute on May 5, 2022. See Dkt. No. 26. Defendant served a copy of his motion on plaintiff via regular mail. See Dkt. No. 27.

On August 1, 2022, plaintiff filed a complaint and motion for leave to proceed in forma pauperis in a new action. See Washington v. Childs, et al., 5:22-CV-810 (BKS/ATB), Dkt. Nos. 1, 2. Based on the address plaintiff provided in the new action, the Clerk of Court updated plaintiff's address in the present action. See Note 08/03/2022. Defendant served a copy of his motion to dismiss via regular mail to this updated address on August 3, 2022. See Dkt. No. 28. To date, plaintiff has not responded to defendant's motion to dismiss, nor engaged in any activity or communication with the Court regarding his case against defendant Allen since he notified the Court of his change of address on August 11, 2021. See Dkt. No. 16.[4]

---

[4] In his other pending case, plaintiff has communicated with the Court as recently as November 30, 2022. See Washington, 5:22-CV-810, Dkt. No. 10.

4

## II. Discussion

### A. Legal Standard

Fed. R. Civ. P. 41(b) provides that a court may dismiss an action "[i]f the plaintiff fails to prosecute or comply with [the Federal Rules of Civil Procedure] or a court order[.]" FED. R. CIV. P. 41(b); see also Baptiste v. Sommers, 768 F.3d 212, 216 (2d Cir. 2014); L.R. 41.2(a). As dismissal under Rule 41(b) "is a harsh remedy [it] is appropriate only in extreme situations." Lucas v. Miles, 84 F.3d 532, 535 (2d Cir. 1996) (citation omitted). Where the plaintiff is proceeding pro se, "courts should be especially hesitant to dismiss for procedural deficiencies[.]" Id.; see also LeSane v. Hall's Sec. Analyst, Inc., 239 F.3d 206, 209 (2d Cir. 2001) ("[P]ro se plaintiffs should be granted special leniency regarding procedural matters."). Determining whether an action should be dismissed under Rule 41(b) involves the analysis of five factors. The court must examine:

> (1) the duration of the plaintiff's failure to comply with the court order,
>
> (2) whether [the] plaintiff was on notice that failure to comply would result in dismissal,
>
> (3) whether the defendants are likely to be prejudiced by further delay in the proceedings,
>
> (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and
>
> (5) whether the judge has adequately considered a sanction less drastic than dismissal.

Lucas, 84 F.3d at 535 (spacing added) (citations omitted). "No one factor is dispositive[.]" United States ex. rel Drake v. Norden Sys., Inc., 375 F.3d 248, 254 (2d Cir. 2004). "When imposed, the sanction of dismissal 'operates as an adjudication upon the merits,' but may be without prejudice if so specified by the court imposing it." Lyell

5

Theatre Corp. v. Loews Corp., 682 F.2d 37, 43 (2d Cir. 1982) (quoting FED. R. CIV. P. 41(b)).

### B.  Application

After assessing the relevant factors, the undersigned concludes that dismissal is appropriate.  The duration of plaintiff's failure to comply with the Court's orders favors dismissal.  Plaintiff has not updated his address or communicated with the Court since August 11, 2021—roughly a year and a half ago.  See Dkt. No. 16.  Courts have repeatedly determined that a plaintiff's failure to comply with court orders for several months, let alone over a year, weighs in favor of dismissal.  See Mayer v. Clinton Cnty., No. 9:17-CV-905 (GLS/CFH), 2020 WL 5536800, at *5 (N.D.N.Y. Aug. 7, 2020)[5] (citations omitted) (collecting cases supporting dismissal where the plaintiff did not appear or communicate with the court for four, five, or "more than six months[.]"), report and recommendation adopted sub nom. Mayer v. Liberty, 2020 WL 5531543 (N.D.N.Y. Sept. 15, 2020); see also Lewis v. Livingston Cnty., 314 F.R.D. 77, 80 (W.D.N.Y. 2016) (citations omitted) (collecting cases to support dismissal following "a ten-month delay of the case, which is sufficient to justify dismissal for failure to prosecute.").  The Second Circuit, in an unpublished decision, recently affirmed dismissal of a complaint under Rule 41(b) because "by the time the [District C]ourt issued its decision, eleven months had passed since [the plaintiff's] response to discovery demands was first due." Heendeniya v. St. Joseph's Hospital Health Center, 830 F. App'x 354, 358 (2d Cir. 2020) (summary order).  The Court explained that "[i]n the context of Rule 41(b), we

---

[5] All unpublished cases cited in this Report-Recommendation and Order have been provided to plaintiff, unless otherwise noted.

6

have found that shorter delays could support dismissal." Id. (citations omitted). Here, plaintiff's complete silence in this action for approximately seventeen months favors dismissal.

Next, as to whether plaintiff was on notice that his failure to comply with court orders would result in dismissal, the Court warned that the failure to provide a change of address could result in dismissal in its February 2021 Decision and Order. See Dkt. No. 6 at 12. The Court then attempted to warn him on March 24, 2022, that his failure to appear or abide by the Court's deadlines could result in dismissal of his complaint when it served a copy of its Text Order via regular mail. See Dkt. No. 24. Plaintiff did not, however, receive this notice because the mail was returned as undeliverable. See Dkt. No. 25. Although plaintiff did not receive the March 2022 notice, it was because of his own failure to update his address with the Court and dismissal is appropriate based on the other factors. See Bottom v. Cooper, No. 03-CV-6493L, 2005 WL 2496052, at *1 (W.D.N.Y. Oct. 7, 2005) (granting the defendants' motion to dismiss where the "[p]laintiff has taken no steps to prosecute this case in nearly a year. The Court's attempt to warn [the] plaintiff that this action was subject to dismissal has been thwarted by [the] plaintiff's own failure to keep the Court apprised of his address as required by the local rules.").

As to whether defendant will be prejudiced by further delay, Allen's "inability to depose plaintiff or collect necessary documents to defend herself in this matter weighs in favor of dismissal." Mayer, 2020 WL 5536800, at *5. "Prejudice may be presumed as a matter of law in certain cases, but the issue turns on the degree to which the delay was lengthy and inexcusable." U.S. ex rel. Drake v. Norden Sys., Inc., 375 F.3d 248,

256 (2d Cir. 2004) (citing Lyell Theatre Corp. v. Loews Corp., 682 F.3d 37, 43 (2d Cir. 1982)). "In cases where 'delay is more moderate or excusable, the need to show actual prejudice is proportionally greater.'" Id. (quoting Lyell Theatre Corp., 682 F.3d at 43). "Where a plaintiff has become inaccessible for months at a time, courts presume prejudice." Caussade v. United States, 293 F.R.D. 625, 630 (S.D.N.Y. 2013) (collecting cases) (citations omitted).

Defendant argues that he would be prejudiced by further delay because he "has been unable to conduct discovery, despite requesting an extension to attempt to locate Mr. Washington, and will be unable to conduct a deposition of Mr. Washington." Dkt. No. 26-11 at 6. As plaintiff has been inaccessible for a year and half, prejudice is presumed. See Llewellyn v. Peacock, No. 9:20-CV-00179 (GLS/TWD), 2021 WL 6334288, at *4 (N.D.N.Y. Dec. 2, 2021) (determining that where the plaintiff has not participated in the case in over eighteen months, "[t]he unexcused delay in [the p]laintiff's accessibility means prejudice is presumed."), report and recommendation adopted, 2022 WL 79686 (N.D.N.Y. Jan. 7, 2022); see also Hutcheon v. Farnum, No. 9:18-CV-00203 (MAD/CFH), 2019 WL 7971873, at *3 (N.D.N.Y. Nov. 4, 2019) ("[The] defendant has been prejudiced by [the] plaintiff's complete failure to participate in discovery."), report and recommendation adopted, 2020 WL 90786 (N.D.N.Y. Jan. 8, 2020).

Further, "the undersigned concludes that '[p]laintiff's continu[ed] failure to comply with court orders [or] participate in discovery has significantly delayed the resolution of this matter, thereby contributing to the Court's congestion." Mayer, 2020 WL 5536800, at *5 (citation omitted). The Court provided plaintiff numerous opportunities to be heard,

8

including holding a status conference and extending discovery deadlines. See Dkt. Nos. 17, 19, 21, 22. Despite plaintiff not receiving the notice concerning potential dismissal of his case, his "failure to 'move the case toward trial' subordinates [his] interest in being heard to a court's interest in managing its docket." Anthony v. Lyons, No. 9:18-CV-0849 (GLS/CFH), 2021 WL 1701754, at *4 (N.D.N.Y. Apr. 12, 2021) (citation omitted), report and recommendation adopted, 2021 WL 1699858 (N.D.N.Y. Apr. 29, 2021). Plaintiff's failure to communicate in any manner with the Court for a year and a half, tips this factor in favor of dismissal as "fairness to other litigants, whether in the same case or merely in the same court (as competitors for scarce judicial resources)," may require a district court to dismiss a case pursuant to Rule 41(b). Chira v. Lockheed Aircraft Corp., 634 F.2d 664, 668 (2d Cir. 1980).

   Finally, as to whether there are other less drastic sanctions to dismissal, "district courts are not required to exhaust possible lesser sanctions before imposing dismissal or default if such a sanction is appropriate on the overall record[.]" S. New England Tel. Co. v. Global NAPs Inc., 624 F.3d 123, 148 (2d Cir. 2010) (citation omitted). Further, "[c]ourts consistently find that dismissal is the only adequate remedy for failure to prosecute where a plaintiff cannot be contacted because the plaintiff would be unaware of any lesser sanction that could be imposed." Caussade, 293 F.R.D. at 631 (collecting cases) (citations omitted). The undersigned is cognizant of plaintiff's pro se status; however, lesser sanctions are unlikely to be successful in motivating plaintiff to participate in this action as the Court has been unable to establish contact with him, and he appears entirely uninterested in prosecuting this case. See Jackson v. United States, No. 8:17-CV-1157 (MAD/CFH), 2020 WL 109009, at *5 (N.D.N.Y. Jan. 9, 2020)

9

(determining that lesser sanctions were not appropriate because the plaintiff "repeatedly failed to update the Court with regards to obtaining new counsel[,]" "failed respond to the motion currently before the Court[,]" and failed "to attend Court-ordered telephone conferences."). As such, this factor weighs in favor of dismissal.

After careful consideration of the relevant factors, the undersigned concludes that dismissal is warranted under Rule 41(b). Accordingly, it is recommended that defendant's motion to dismiss be granted and plaintiff's complaint be dismissed with prejudice. See Hutcheon, 2019 WL 7971873, at *3 (collecting cases to support dismissal with prejudice); see also Lomax v. Ortiz-Marquez, 140 S. Ct. 1721, 1725 (2020) (citation omitted) ("Federal Rule of Civil Procedure 41(b) . . . tells courts to treat the dismissal 'as an adjudication on the merits'—meaning a dismissal with prejudice.").

### III.  Conclusion

**WHEREFORE**, for the reasons set forth above, it is hereby:

**RECOMMENDED**, that defendants' motion to dismiss (Dkt. No. 26) be **GRANTED** and plaintiff's complaint (Dkt. No. 1) be **DISMISSED with prejudice**; and it is

**ORDERED**, that the Clerk of the Court serve a copy of this Report-Recommendation and Order on all parties in accordance with Local Rules.

**IT IS SO ORDERED**.

Pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1(c), the parties have fourteen days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS**

**REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW**.

Roldan v. Racette, 984 F.2d 85, 89 (2d Cir. 1993) (citing Small v. Secretary of Health and Human Servs., 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); FED R. CIV. P. 6(a), 6(e), 72.[6]

    Dated: January 9, 2023
          Albany, New York

*Christian F. Hummel*
Christian F. Hummel
U.S. Magistrate Judge

---

[6] If you are proceeding pro se and are served with this Order by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date the Report-Recommendation & Order was mailed to you to serve and file objections. See FED. R. CIV. P. 6(d). If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday. See id. § 6(a)(1)(C).